IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS PATRICK MCKNIGHT,

        Petitioner,                  No. CIV S-05-2262 LKK EFB P

    vs.

D. L. RUNNELS, Warden,

        Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner with counsel proceeding on a motion to vacate the judgment entered on July 5, 2006. *See* Fed. R. Civ. P. 60(b). For the reasons explained below, the motion must be denied.

**I.    Procedural History**

        Petitioner, at the time without counsel, filed this application for a writ of habeas corpus on November 8, 2005. *See* 28 U.S.C. § 2254. He filed an amended petition on December 2, 2005. Respondent moved to dismiss on the ground that petitioner failed to exhaust available state remedies with respect to some of his claims. Petitioner conceded that he failed to exhaust two claims, and consented to dismissal of the action without prejudice. The magistrate judge then assigned to the case issued finding and recommendations recommending that the motion to dismiss be granted.

The finding and recommendations noted that petitioner did not seek to invoke the stay-abeyance procedure permitted under *Rhines v. Weber*, 125 S.Ct. 1528 (2005). The magistrate judge also explained that petitioner could file an amended petition containing only the exhausted claims, and stated that a one-year limitations period applied to actions brought by state prisoners seeking habeas relief in federal court. Petitioner did not object to the findings and recommendations for dismissal. Therefore, on July 5, 2006, the district judge adopted the findings and recommendations, granted respondent's motion and dismissed the action, and judgment was entered.

On August 9, 2006, petitioner, through counsel, filed another petition for a writ of habeas corpus, *McKnight v. Felker*, Case No. Civ. S-06-1749 MCE KJM P. Respondents moved to dismiss that newly filed case (No. 06-1749 MCE KJM P) on the ground that the application was untimely. Curiously, in addition to opposing that motion petitioner, through counsel, filed on April 23, 2007, a pleading styled "Motion to Reinstate Petition After Dismissal" requesting that the court in the newly filed case enter an order pursuant to Fed. R. Civ. P. 60(b) vacating the judgment that had been entered in this case (No. 05-2262 LKK EFB P). The magistrate judge assigned to the later filed action, Case No. Civ. S-06-1749 MCE KJM P, denied the Rule 60(b) motion on the ground that petitioner failed to make any showing that the court could grant the relief sought. The order stayed the action on the condition that petitioner seek relief in the action in which the judgment was entered, i.e., this case.

On January 17, 2008, petitioner through counsel filed a Rule 60(b) motion for relief from judgment entered on July 5, 2006. The issue petitioner confronts here is how he will deal with the one year, jurisdictional limitations period for filing the Rule 60(b) motion.

The court heard oral argument on the motion on February 20, 2008. As discussed below, the court noted at that hearing that although no Ninth Circuit precedent has addressed the question presented by petitioner's argument here, the Seventh Circuit has in *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). The court gave the parties additional time to submit

supplemental briefs discussing the application of *Arrieta* to this case. Those briefs have been filed and the court issues the following findings and recommendations.

## II.     Standards Applicable to this Motion

Rule 60(b) provides several bases for relief from judgment:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). There is a time limit for filing motions under Rule 60(b):

> (c) Timing and Effect of the Motion.
>
>> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1). Insofar as not inconsistent with any applicable statute or with the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in habeas proceedings. Rule 11, Rules Governing Section 2254 Cases. The United States Supreme Court has made clear that "Rule 60(b) has an unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (habeas petitioner may move for relief from judgment under Rule 60(b) so long as the motion is not the equivalent of a successive petition).

////

////

As noted above, however, the Ninth Circuit has not addressed the question of whether a federal court may vacate the judgment in a § 2254 action where the petitioner sought dismissal in order to exhaust available state remedies. Thus, the court considers the analysis of Seventh Circuit in *Arrieta v. Battaglia,* 461 F.3d 861, 864-67 (7th Cir. 2006).

In *Arrieta*, the petitioner filed an application for a writ of habeas corpus containing claims for which he had not sought discretionary review in the state's highest court. *Arrieta*, 461 F.3d at 862. Thereafter, the United States Supreme Court decided *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999), holding that a state prisoner must seek discretionary review of his claims in the highest state court. Realizing the impact of that ruling on his pending application, the petitioner requested the federal court to stay the action while he pursued the available state remedies for his claims. *Arrieta*, 461 F.3d at 862. The state court denied petitioner leave to file the appeal and thus petitioner requested the federal court to lift the stay.[1] *Id.* Before the federal court ruled on that request, the petitioner requested that the petition be dismissed without prejudice in order for him to present new claims to the state courts. *Id.* The federal court granted the motion. *Id.* As it turned out, petitioner had no further recourse in the state court. By the time petitioner returned to federal court with a new application for a writ of habeas corpus, the one-year limitation period had long since expired. *Id.*, at 863.

Thus, with his second petition, the petitioner in *Arrieta* filed a motion requesting that the court reinstate his habeas action. *Id.* The district court concluded that "it was powerless to vacate its prior dismissal because the time period for seeking such relief under Fed. R. Civ. P. 60(b) had also expired. The applicable ground for reopening the prior judgment was mistake-- Arrieta had mistakenly moved for dismissal rather than a stay or dismissal with leave to reinstate--and Rule 60(b) requires that relief from a judgment on grounds of mistake be sought within one year after judgment is entered." *Id.* While Seventh Circuit precedent permitted

---

[1] The appeal was by that time late.

4

district courts to vacate a judgment in habeas actions under circumstances similar to those in Arrieta's case, they could do so only if the petitioner complied with the requirements of Rule 60. The court examined the factual basis that Arrieta asserted in support of his motion and concluded that "[t]he ground for relief here is properly categorized as "mistake" under Rule 60(b)(1). A litigant who moves to voluntarily dismiss an action that cannot be refiled due to the expiration of the statute of limitation has committed a mistake." *Id.*, at 865. It also concluded that this ground was foreclosed to Arrieta because of the expiration of the one year within which to bring the motion.[2] *Id.*

Arrieta's fall-back argument relied on the "catchall provision of Rule 60(b)(6)." *Id.* Noting that use of the catchall is to be rare in the habeas context, the Seventh Circuit found that the "catchall" was "unavailable because the ground for relief is properly categorized as mistake under Rule 60(b)(1), and Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive." *Id.*, at 865. If a specific provision of Rule 60 addresses the reasons articulated for the motion, that provision governs and the catchall cannot be used. In short, Arrieta's problem was that he filed his Rule 60(b)(1) motion beyond the one year time for filing such a motion. *Id.*, at 863. Since the time limit is jurisdictional, the court could not consider the merits of the motion. *Id.*, at 864-65.

**III.    Analysis**

    **A.    Relief under Rule 60(b)(1)**

Petitioner argues that this court should vacate the judgment on a single ground enumerated in Rule 60(b)(1), i.e., excusable neglect. Specifically, he asks,

> to be relieved from the dismissal of the first Petition for excusable neglect, for the reasons stated in the Opposition to the Motion to Dismiss in case no. Civ. S 06-1749 MCE KJM P. (The Opposition is attached to this Motion.) [Petitioner] was a *pro se* litigant in this case, and the Court's prior orders led him to believe that the proper course was to agree to the dismissal, achieve exhaustion of his new claims, then return with a new Petition.

---

[2] The court also noted evidence in the record that Arrieta knew the difference between a stay and dismissal.

5

Petr.'s Mot., at 2:15-20.  Petitioner neither articulates the standard for excusable neglect nor explains how the facts of this case fit within any such standard other than to suggest that he, like the petitioner in *Arrieta*, made a mistake.  He argues that his then *pro se* status explains his mistaken belief that, in agreeing to dismissal, there would be no obstacle to re-filing and pursuing his claims in the future.  The inescapable point is, however, he clearly sought voluntary dismissal based on a mistake.  Thus, the Seventh Circuit's analysis that the requirements of Rule 60(b)(1), including the one-year limitation period, must be satisfied is informative here.  *Arrieta*, 461 F.3d at 865.  This motion was filed more than one year after the entry of the judgment and it is jurisdictionally barred.[3]

Moreover, regardless of whether petitioner's actions are characterized as "excusable neglect," or "mistake," both grounds for relief are included in Rule 60(b)(1) and are subject to the one-year time limit.  *See Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989).  Under either basis the court has no discretion to consider a Rule 60(b)(1) motion that is filed more than one year after judgment is entered.

The more complex issue is petitioner's argument that his April 23, 2007, motion for Rule 60(b) relief, which he filed in *McKnight v. Felker*, Case No. Civ. S 06-1749 MCE KJM P was within the one year time period for filing a Rule 60 motion in this case and should stop the clock. The obstacle he confronts is jurisdiction.  He did not file the necessary motion in this case within the one year period and he clearly could and should have.  The essence of his problem is, he compounded one mistake (the earlier one from which he seeks relief) with another, i.e., not filing the Rule 60 motion in the action in which the judgment was entered.  Citing *Butz v. Mendoza-Powers*, 474 F.3d 1193, 1196 (9th Cir. 2007), he argues that "liberally construed" his Rule 60(b) motion in his other case, *McKnight v. Felker*, Case No. Civ. S 06-1749 MCE KJM P, renders the Rule 60(b)(1) motion in this case timely.

---

[3] Judgment was entered on July 5, 2006.  It was not until more than 1 ½ years later, on January 17, 2008, that petitioner filed a motion in this case to vacate the judgment.

Respondent counters that nothing that the petitioner filed or that the magistrate judge did in *McKnight v. Felker*, Case No. Civ. S-06-1749 MCE KJM P, could extend the time to act under Rule 60(b)(1). The broadest of implications inherent in petitioner's argument is that the Ninth Circuit in *Butz* cleared the way for district courts so liberally to characterize motions for relief that this court essentially can construe a motion filed in one case as having been filed in another. A narrower implication is that the magistrate judge's denial of the motion without prejudice constituted a grant of an extension of time to seek rule 60(b)(1) relief in this case.[4] Neither argument can cure petitioner's failure to satisfy the jurisdictional requirements of the rule.

Respondent contends that *Butz's* liberal construction does not sweep so broadly, asserting that neither an Article III judge nor a magistrate judge can overrule the decision of another Article III judge. The point is that where a party believes a judgment should be set aside, the procedure is to file a motion in that case requesting that it be set aside. The magistrate judge's denial without prejudice of the Rule 60(b) motion in *McKnight v. Felker*, Case No. Civ. S-06-1749 MCE KJM P, simply recognized that fact. That denial had no effect on the proceedings in this case. Indeed, the denial was without prejudice to petitioner filing a Rule 60(b) motion in the right case. The order, filed January 11, 2008, in no way stated or implied that the one year period to move to set aside the July 5, 2006, judgment could be extended, waived, or tolled.

Finally, the court concurs with respondent's analysis of *Butz*. In *Butz*, the Ninth Circuit construed a request for leave to file a second or successive petition as a petition for a writ of mandamus to direct the district court to entertain a Rule 60(b) motion. *Butz*, 474 F.3d at 1196. However, the Ninth Circuit in that case was within the bounds of its authority. The district court had denied the petitioner's habeas application with prejudice because the petitioner did not

---

[4] The court does not imply that the magistrate judge assigned to *McKnight v. Felker*, Case No. Civ. S 06-1749 MCE KJM intended to grant an extension of time in this action. This allegation simply is inherent in petitioner's argument.

respond to the court's orders directing him to pay the filing fee. *Butz*, 474 F.3d at 1194. These omissions were not because petitioner ignored the orders; rather, they resulted from counsel's failure to attend to the case despite letters and phone calls from petitioner and his family. *Id.* Presumably since the dismissal was with prejudice, the petitioner requested the Ninth Circuit to issue an order permitting him to file a second or successive petition in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). The Ninth Circuit found that any new petition would not be second or successive because the district court did not address the merits. Therefore, petitioner did not need to obtain an order pursuant to § 2244(b)(3)(A). *Id.*, at 1194. It found that the appropriate remedy was a Rule 60(b) motion in the district court. *Id.* The Ninth Circuit therefore exercised its authority to construe the § 2244(b)(3)(A) request as a petition for a writ of mandamus and, so construed, granted it, directing the trial court to consider a Rule 60(b) motion. *Id.*, at 1196. Thus, in one sense, the petitioner in *Butz* filed the wrong request but in a court having jurisdiction to grant the request. The Ninth Circuit construed the request as one which the petitioner could make in that action, and granted it. The situation here is markedly different.

Here, petitioner, through counsel, filed the Rule 60(b) motion in the wrong case. Instead of filing it in this case (in which judgment had been entered), he filed it in a new case, i.e., *McKnight v. Felker*, Case No. Civ. S-06-1749 MCE KJM P. Counsel's misapprehension of the nature of Rule 60(b), i.e., that any motion made pursuant thereto must be filed in the action in which the judgment was entered, does not excuse compliance with the rule. Neither does it matter that the magistrate judge in that case denied the motion without prejudice to petitioner filing an appropriate motion in the correct case. Petitioner's argument that the motion in *McKnight v. Felker*, Case No. Civ. S-06-1749 MCE KJM P, stopped the clock from running in this case runs counter to the overarching principle that the one year limitation is jurisdictional. Moreover, an argument for equitable tolling, even if available, simply attempts to lay blame for the petitioner's mistake on the language in the January 11, 2008 order denying without prejudice the misfiled motion. The blame is misplaced. Reliance on the language cannot possibly explain

the petitioner's failure to timely file the appropriate motion in the appropriate case. The one year period to do so had expired long before that order was entered.

Petitioner's other argument depends on a finding that the January 11, 2008, order denying the motion filed in the wrong case amounted to an extension of time to file a motion in this case. But, as noted, the one year period within which to file a motion to vacate the July 5, 2006, judgment had expired long before that January 11, 2008, order was issued. Moreover, as discussed preciously the limitation period is jurisdictional. Furthermore, nothing in the order purports to extend the one year period.

In short, petitioner must comply with the requirements for seeking relief under Rule 60(b)(1), (2) and (3). To meet those requirements he must timely file an appropriate motion in the action in which the judgment was entered. The one year limitation period to do so is jurisdictional. He did not do so and his motion must be denied.

**B.  Relief under Rule 60(b)(6)**

Petitioner also argues that the judgment should be vacated pursuant to Rule 60(b)(6). Known as the "catch-all provision," it permits the court to vacate the judgment for any reason other than those specified in the rule insofar as that reason justifies such a result. *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998). Accordingly, the moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.* Petitioner asserts that the magistrate judge previously assigned to this case misled him by including in the findings and recommendations to dismiss this action a footnote which states:

> Petitioner may now proceed in one of two ways. He may exhaust the unexhausted claims in state court by presenting those claims using the appropriate procedure to the California courts. He is advised to allege with particularity all the facts concerning these claims. After returning to the state court his claims may then be considered by the federal court. In the alternative, petitioner may file a new petition in this court in which he raises only the exhausted claims. If petitioner chooses the second method, however, the court cautions that he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at

9

520-21; Rule 9(b), Rules Governing Section 2254 Cases.

April 21, 2006, Findings and Recommendations, at 2. In addition, the then-assigned magistrate judge included a footnote stating:

> Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

*Id*. Petitioner argues that the statement that, "After returning to the state court his claims may then be considered by the federal court," misinformed him about the federal statute of limitations. He asserts, without supporting authority, that a federal court's inaccurate legal advice constitutes "extraordinary circumstances" which would justify vacating the judgment. The argument fails for several reasons.

First, what petitioner really alleges is that the *court* made a mistake, i.e., misrepresenting the possible courses of action petitioner could take, which resulted in the judgment being issued. Rule 60(b)(1) is the appropriate remedy for such an assertion. *See Fidelity Federal Bank, FSB v. Burga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004) (under Rule 60(b)(1), district court may correct the mistake made either by a party or by the court itself). As the Seventh Circuit noted in *Arrieta*, the catch-all provision and the mistake provision are mutually exclusive. If the asserted ground is covered elsewhere in the rule, as it is here, the requirements of that rule must be satisfied and the "catchall" for any grounds *not* covered by the rule provides no means to avoid the rule's prerequisites, including the one-year limitations period. Since petitioner alleges a mistake, the catch-all provision cannot apply. As noted above, any motion under Rule 60(b)(1) is untimely and the court cannot reach the merits.

**IV. Conclusion**

For all the reasons stated above, the court finds that petitioner seeks relief from the judgment on the grounds that either he or the court made a mistake that resulted in the entry of

10

judgment. Petitioner has not satisfied the one year limitations period for filing this motion to vacate that judgment and that requirement is jurisdictional.

Accordingly, it is hereby RECOMMENDED that petitioner's January 17, 2008, motion for relief from the judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 19, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE